487 F.2d 303
 1973-2 Trade Cases 74,760
 In re INTERNATIONAL HOUSE OF PANCAKES FRANCHISE LITIGATION.
Robert J. HELFENBEIN and Circle Investments of Missouri,
Inc., on behalf of themselves, etc., Plaintiffs-Appellees,
v.
INTERNATIONAL INDUSTRIES, INC., et al., Defendants-Appellants.
Robert J. HELFENBEIN and Crescent Investment of Iowa, Inc.,
on behalf of themselves, etc., Plaintiffs-Appellees,
v.
INTERNATIONAL INDUSTRIES, INC., et al., Defendants-Appellants.
Joe Jimmie REED, on behalf of himself, etc.,
Plaintiff-Appellee, and Thomas Lee Simmons,
Intervenor-Plaintiff-Appellee,
v.
INTERNATIONAL INDUSTRIES, INC., Defendant-Appellant.
Rudolf WETH, on behalf of himself, etc., Plaintiff-Appellee,
v.
INTERNATIONAL INDUSTRIES, INC., Defendant-Appellant.
Richard L. ERICKSON, Plaintiff-Appellee,
v.
INTERNATIONAL INDUSTRIES, INC., Defendant-Appellant.
 No. 73-1574.
 United States Court of Appeals,
Eighth Circuit.
 Nov. 2, 1973.
 
 Harry L. Gershon, Los Angeles, Cal., and Maurice O'Sullivan and Thomas J. Wheatley, Kansas City, Mo., made appearance for defendants-appellants in this Court.
 Barton P. Cohen, Overland Park, Kan., and Loeb H. Granoff Kansas City, Mo., filed motion of plaintiffs-appellees to affirm.
 Before GIBSON, LAY and STEPHENSON, Circuit Judges.SUPPLEMENTAL ORDER OF SUMMARY AFFIRMANCE
 
 
 1
 This Court, on September 26, 1973, entered our order summarily affirming an order of the District Court for the Western District of Missouri, The Honorable William R. Collinson. The District Court's order disapproved a proposed settlement agreement between International Industries, Inc., the defendant in a multi-district class action suit alleging violations of the Sherman Anti-Trust Act, and certain of the numerous plaintiffs in the case. The proposed settlement agreement had been actively opposed by a number of the plaintiffs at the hearing on the proposed settlement agreement.
 
 
 2
 After our order of summary affirmance had been entered, defendant-appellant filed suggestions in opposition to the motion to affirm which had been filed by the plaintiff-appellees in violation of Rule 9(b)[1] of the Rules of the United States Court of Appeals for the Eighth Circuit, in that it was filed prior to the filing of appellant's brief. However, as our order of September 26, 1973, recites, our action of summary affirmance was based as well on Rule 9(a)[2] of the Local Rules, which provides that the Court upon its own motion may summarily affirm when the questions presented do not require further argument.
 
 
 3
 To insure that the interests of justice have been served in this appeal, we have carefully considered the suggestions filed in opposition to summary affirmance. Upon review of the record and the suggestions, we conclude that there is no clear showing that the trial court was guilty of an abuse of discretion in refusing to approve the proposed settlement. This is the standard of review we apply to an appeal of the approval or disapproval of a proposed settlement. See, United Founders Life Ins. Co. v. Consumers Nat. Life Ins. Co., 447 F.2d 647, 655 (7th Cir. 1971); West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079, 1085 (2d Cir.), cert. denied sub nom., Cotler Drugs Inc. v. Chas. Pfizer & Co., 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971).
 
 
 4
 In view of the fact that members of the plaintiff class opposed the settlement and that it would continue in effect the very provisions of the franchise agreement challenged as violative of the anti-trust laws, we think Judge Collinson properly exercised his discretion in disapproving the settlement. Our Order of Summary Affirmance filed September 26, 1973, pursuant to Local Rule 9(a) was correct and will not be disturbed.
 
 
 5
 This supplemental order, after consideration of appellant's suggestions and contentions, reaffirms our prior order summarily dismissing the appeal and affirming the order of the District Court disapproving the proposed settlement.
 
 
 
 [1]
 Rule 9(b) of the Local Rules provides in pertinent part:
 The appellee may file a motion for summary disposition of a docketed appeal. * * * A motion to affirm may be based on the ground that the questions presented for review are so unsubstantial as not to need further argument. * * *
 * * * A motion to dismiss on the ground that the appeal is frivolous and entirely without merit or a motion to affirm must be filed within fifteen (15) days after the appellant's brief has been filed, but may not be filed prior to the filing of appellant's brief. (emphasis supplied).
 
 
 [2]
 Rule 9(a) of the Local Rules provides in pertinent part:
 The Court may at any time, on its own motion and without notice, dispose of an appeal summarily * * *. The court may dismiss an appeal that is not within the jurisdiction of the court or that it finds to be frivolous and entirely without merit, or may affirm or reverse when the questions presented do not require further argument.