496 F.2d 21
 AJAYEM LUMBER CORP., Plaintiff-Appellee,
v.
PENN CENTRAL TRANSPORTATION CO. et al.,
Defendants-Appellees, The Long IslandRail Road
Company, Defendant-Appellant.
The LONG ISLAND RAIL ROAD COMPANY, Third-Party Plaintiff-Appellant,
v.
UNITED STATES of America, Third-Party Plaintiff-Appellant,
and InterstateCommerce Commission, Third-Party
Plaintiff-Appellee.
PENN CENTRAL TRANSPORTATION CO. et al., Plaintiffs-Appellees,
v.
The LONG ISLAND RAIL ROAD COMPANY, Defendant-Appellant.
 Nos. 843, 848, Dockets 72-2123, 72-2189.
 United States Court of Appeals, Second Circuit.
 Argued June 4, 1973.
Decided March 29, 1974, On Rehearing May 1, 1974.
 
 Walter J. Myskowski, Washington, D.C. (George M. Onken, Jamaica, N.Y., Robert R. Prince, New York City, Richard H. Stokes, Jamaica, N.Y., on the brief), for appellant Long Island Rail Road Co.
 John B. Wyss, Washington, D.C. (Carl D. Lawson, Thomas E. Kauper, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., on the brief), for appellant U.S.
 Raymond M. Zimmet, Washington, D.C. (Fritz R. Kahn, Gen. Counsel, I.C.C., Washington, D.C., on the brief), for appellee Interstate Commerce Commission.
 Edward A. Kaier, Philadelphia, Pa. (Jerome H. Shapiro, New York City, Richard J. Murphy, Philadelphia, Pa., Richard B. Wachenfeld, Newark, N.J., Frederick G. Hoffmann, New York City, Andrew C. Armstrong, Baltimore, Md., on the brief), for appellee Railroads.
 Before HAYS, MANSFIELD and MULLIGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Long Island Rail Road Company petitions for clarification of our order of November 7, 1973, with respect to the measure of damages which the Long Island is entitled to recover.
 
 
 2
 In the absence of some showing to the contrary, it would appear that the Long Island is entitled to any net revenue reduction caused by the increased joint rates to which it objected. In order to recover the Long Island would have to show the reduction in traffic attributable to the new rates and the revenue it would have realized on the lost traffic if the rates had not been increased over its objection. Offset against this amount would be the increased revenue realized by the Long Island as a result of the increased rates and the reduction in expenses occasioned by its handling of a reduced volume of business.
 
 ON PETITION FOR REHEARING
 PER CURIAM:
 
 3
 By an opinion dated November 7, 1973, this court reversed a judgment entered in the United States District Court for the Eastern District of New York and remanded the cause for determination of damages. On a petition for clarification we entered an order dated March 29, 1974, clarifying as to the measure of damages our opinion of November 7, 1973. The Long Island Rail Road Company has now petitioned for a rehearing on our order of March 29, 1974.
 
 
 4
 We grant the motion for rehearing and on consideration thereof we decide to adhere to our order of March 29, 1974.