**Leon GREEN, on behalf of himself and all others similarly situated, Plaintiff,**

**WOLF CORPORATION et al., Defendants.**

**No. 66 Civ. 3588 DNE.**

United States District Court, S. D. New York. Civil Division. Jan. 16, 1976.

Kaufman, Taylor, Kimmel & Miller by
Stanley L. Kaufman, New York City, of
counsel, Malchman & Klied by Irving
Malchman, New York City, for plaintiff.

Schwartz, Burns, Lesser & Jacoby by
Guy Fairstein and Milton Mermelstein,
New York City, of counsel, for defend-
ants Wolf Corporation, Joseph Wolf,
Joseph Eckhaus and Leon Spilky.

Satterlee & Stephens by Henry For-
mon, New York City, for defendant
Troster, Singer & Co.

Stroock & Stroock & Lavan, New
York City, for defendant David Berdon
& Co.

## OPINION

EDELSTEIN, Chief Judge:

Pursuant to an Order to Show Cause
dated September 8, 1975 a hearing was
held in the above-captioned class action

on December 8, 1975 in order to determine whether a proposed settlement is fair and adequate and should be approved and to receive objections to the proposed fee applications of counsel for the plaintiffs.

Notice of the hearing was mailed to the last known address of all persons who purchased for a monetary consideration in the underwriting of June 2, 1961 the Class A common stock or subordinated debentures of the Wolf Corporation and to all persons who acquired said securities between June 2, 1961 and December 31, 1963. Additionally, notice had been published in the national edition of the Wall Street Journal and in the New York Times. No objections to the proposed settlement were filed. As to the proposed request for attorneys' fees, three objections were filed, but these objections were withdrawn prior to the hearing. Court Exhibit 1.

The settlement package of this class action includes 135,000 shares of Class A common stock of the Wolf Corporation and $37,000 in cash. Members of the class are entitled to share in this settlement fund if they suffered losses by reason of having purchased for a monetary consideration the Class A common stock or the subordinated debentures of the Wolf Corporation between and including June 2, 1961 and December 31, 1963, either in the June, 1961 underwriting or in the open market.

Rule 23(e) of the Federal Rules of Civil Procedure requires that a class action may be compromised only with court approval. This approval is appropriate where the settlement is found to be fair, reasonable and adequate. In making its determination the court should weigh the likelihood of recovery by the class yet may stop short of the detailed evaluation and thorough investigation of the case that it would undertake if it were actually trying the case. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). At the same time the court should weigh the judgment of counsel for plaintiffs in view of counsel's professional experience, the extent of support from interested parties, and the presence or absence of good faith bargaining.

This case has had a long and tortuous history and has been vigorously contested by both sides and involved crossclaims between defendants. Its maintainability as a class action has been argued and sustained before the court of appeals, 406 F.2d 291 (2d Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969), and complex issues have been presented by both sides. After settlement discussions commenced in 1971, this court itself assisted the parties in arriving at an increased settlement. The court is satisfied that bargaining was conducted at arms length and that settlement was achieved in plaintiffs' best interests given the unpredictability and uncertainty of the outcome of this litigation. Having read counsel's memorandum in support of the settlement and having heard counsel's presentation at the hearing in addition to having entertained the presentation of a shareholder who did not file an objection, the court determined that it considered the settlement fair and reasonable and approved it. Attorneys for the class have applied for an award of attorneys' fees in the amount of 38,500 shares of Class A common stock of the Wolf Corporation and what remains of the $37,000 fund after deducting therefrom disbursements for expenses incurred by counsel, cost of mailing hearing notices to the class, cost of publication, and cost of administration.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) is the keystone to determining an award of reasonable attorneys' fees in this circuit. The court there recognized 9 parameters that affect the value of legal services and which must be considered by a court in evaluating a fee request: (1) the

time and labor spent, (2) the standing of counsel at the bar (both counsel receiving the award and opposing counsel), (3) the magnitude and complexity of the litigation, (4) the responsibility undertaken, (5) the amount recovered, (6) the knowledge the court has of conferences, arguments that were presented and of work shown by the record to have been done by attorneys for the plaintiff prior to trial, (7) what it would be reasonable for counsel to charge a victorious plaintiff, (8) the attorneys' risk in litigation, and (9) whether plaintiff's counsel had the benefit of a prior judgment or decree in a case brought by the Government.

The starting point of every fee award, writes the court, is to calculate the attorneys' services in terms of the time they had expended on the case and to multiply these hours by typical hourly fees. "It is only after such a calculation that other, less objective factors, can be introduced into the calculus." 495 F.2d at 471.

Affidavits in support of their applications for counsel fees were submitted by counsel for plaintiffs, Irving Malchman and Stanley L. Kaufman. Mr. Malchman avers that he has expended 716 hours since 1966. Of this figure, 590 hours are based upon time records and 126 hours represent unrecorded time based upon Mr. Malchman's estimate of time spent. During the period 1966–1971 time records were not kept for two arguments in this court, an appearance before Judge Sugarman, document inspection, a deposition, and work on a motion to modify the class. Mr. Malchman estimates that 50 hours would compensate for these omissions. During the period 1972–1975 Mr. Malchman maintained no time records. However, Mr. Malchman avers that it "goes without saying that the undersigned, as attorney of record for the class, was fully involved in all matters relating to the settlement" during this period and that the unrecorded time he spent "not only

equalled but in all probability exceeded Mr. Kaufman's recorded time" for the same period which is 76 hours. Therefore, Mr. Malchman's total time based on recorded hours and upon estimates is 716 hours.

Mr. Kaufman's affidavit demonstrates recorded time of 81.75 hours from 1971–1975.

Before evaluating counsel's services, the court must first determine what part if any of Mr. Malchman's unrecorded hours will be considered. The failure to keep accurate time records does not mandate total disallowance of an attorney's claim; however, the failure to keep current and accurate records from day to day is a factor to be considered in evaluating the services and in accepting estimates which the attorney makes at some later date merely on his own recollection at a time when he is looking forward to compensation. *In re Nazareth Fair Grounds & Farmers Market, Inc.*, 374 F.2d 595, 598 (2d Cir. 1967).

Mr. Malchman's affidavit indicates the unrecorded work he performed during the period 1966–1971. In addition to that mentioned above, settlement discussions were initiated in 1971. He estimates the time spent in this period as 50 hours. For the period 1972–1975 Mr. Malchman estimates that he spent time at least equal to that spent by Mr. Kaufman. He avers: "It goes without saying that the undersigned, as attorney of record for the class, was fully involved in all matters relating to the settlement. The undersigned, for example, attended all hearings before the Court and participated in all conferences between counsel during this period. In addition, the undersigned prepared the first draft of the settlement papers and the several revisions thereof, which first drafts the undersigned then discussed with Mr. Kaufman before they were finalized. It is thus fair to say that the time spent by the undersigned in the settlement of this case not only equalled but in all proba-

bility exceeded Mr. Kaufman's recorded time . . . ." Malchman Affidavit, ¶ 39.

█ Courts are presumed knowledgeable as to the fees charged by attorneys in general and as to the quality of legal work presented to them by particular attorneys. *Lindy Brothers Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 169 (3d Cir. 1973). It may be equally presumed that courts are knowledgeable as to the reasonable time required by attorneys to perform their services competently and effectively. The court is aware that Mr. Malchman has in the past vigorously represented the class during the period where recorded time is available. And the court is familiar with the unrecorded work performed during the period 1966–1971. The court finds that an estimate of 50 hours is reasonable in light of the services performed for which time was not recorded.

The services of co-counsel on a case provide no necessary basis for the estimate of another attorney. However, the court's own familiarity with Mr. Malchman's involvement in this case leads the court to find it reasonable that Mr. Malchman expended time at least equal to Mr. Kaufman's during the period 1972–1975.

█ The average fee charged by Mr. Malchman is stated at $75.00 per hour. Mr. Kaufman's average charge has been $100.00 per hour. At these rates the hours submitted by counsel result in a claim of $53,700.00 for Mr. Malchman and $8175.00 for Mr. Kaufman.

The court is satisfied that the less objective variables do not modify the amount of counsel's award. Counsel did not have the benefit of a prior judgment and faced a high risk in litigation. This suit's very maintainability as a class action was litigated but sustained by the court of appeals. The court is well familiar with the standing of counsel at the bar and is familiar with the work

performed by counsel in this long and complex case. The only question left to be addressed is how Mr. Malchman and Mr. Kaufman will be compensated from the settlement fund while equitably protecting the interests of the class.

The total settlement package consists of 135,000 shares of Class A common stock of Wolf Corporation and $37,000. Plaintiffs' counsel have requested that their fees consist of 38,500 shares and what remains of the $37,000 settlement fund after deducting therefrom the disbursements and expenses including those expenses that will be incurred during the administration of the settlement. Disbursements of counsel for the class total $2,653.98. The cost of notifying the class by mail and by publication was $3,476.58. These expenses are hereby awarded respective counsel from the settlement fund. Further, the court determines $4,000.00 is a fair and reasonable allowance to cover the costs of administration. These disbursements reduce the fund to a cash residue of $26,869.44.

This court has a duty to protect the interests of those in whose name this suit has progressed. The court therefore allocates half of the cash residue, $13,434.72, for distribution to the class pursuant to paragraph 7(g) of the Stipulation and Agreement of Compromise and Settlement. The other half of the residue, $13,434.72, will be shared ratably by Mr. Malchman and Mr. Kaufman. Mr. Malchman is awarded $11,659.71. Mr. Kaufman is awarded $1,775.01. The remainder of their fee award will be made in shares of Class A stock of the Wolf Corporation from the settlement fund of 135,000 shares. For the purpose of computing this award of shares, shares are computed at $2.00 per share, the value of the shares at the time the terms of the settlement were agreed to' and the value to be used in computing claims in the administration of the settlement. In so doing, the court is not unmindful that the actual value of the shares may be well below this fig-

ure. However, in this fashion the attorneys will, like plaintiffs for whom they have secured this settlement, be able to participate in any turn-around of the Wolf Corporation. Therefore, Mr. Malchman is awarded 21,020 shares, and Mr. Kaufman is awarded 3,200 shares.

Counsel is directed to submit an order pursuant to paragraph 5 of the Stipulation and Agreement of Compromise and Settlement.

So ordered.