AXINN & SONS LUMBER CO., INC., et al., Plaintiffs,

v.

The LONG ISLAND RAIL ROAD COMPANY, Defendant and Third-Party Plaintiff,

v.

TRAFFIC EXECUTIVE ASSOCIATION-EASTERN RAILROADS et al., Third-Party Defendants.

No. 75 C 280.

United States District Court, E. D. New York.

Aug. 9, 1979.

See also, 2 Cir., 627 F.2d 631.

George Carl Pezold, Huntington, N.Y., for plaintiffs; Thomas R. Hirschmann, Augello, Pezold & Hirschmann, P. C., Huntington, N.Y., of counsel.

Walter J. Myskowski, Washington, D.C., George M. Onken, Richard H. Stokes, Armand J. Prisco, Thomas M. Taranto, Jamaica, N.Y., for defendant and third-party plaintiff.

Leonard Garment, Harry G. Silleck, Jr., Douglas M. Parker, John L. Altieri, Jr., Robert A. Jaffe, Mudge, Rose, Guthrie &

**4**

Alexander, New York City, for third-party defendants; J. Peter Coll, Jr., Donovan, Leisure, Newton & Irvine, New York City, Covington & Burling, Washington, D.C., of counsel.

Memorandum of Decision and Order

BARTELS, District Judge.

Shippers brought this class action for freight overcharges against the Long Island Railroad (LIRR) which, in turn, brought a third-party complaint for indemnification against the third-party defendant railroads. A history of this litigation and the earlier action from which it arises, together with their factual background, may be found in *Ajayem Lumber Corp. v. Penn Central Transportation Co.*, 487 F.2d 179 (2d Cir. 1973), *opinion clarified and affirmed on rehearing*, 496 F.2d 21, *cert. denied*, 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed.2d 124 (1974), and in decisions of this court dated October 3, 1975, January 6, 1976, February 21, 1978, and May 12, 1978, and consequently need not be repeated here.

Briefly, the complaint in this action sought, on behalf of all members of the plaintiff class, to recover from defendant LIRR certain overcharges resulting from certain alleged unlawful rate increases. LIRR sued the third-party defendant railroads for the same amounts, claiming that they were the parties responsible for the rate increases. This court denied defendant's and third-party defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted and granted plaintiffs' motion for summary judgment as to liability against the defendant. However, on the basis of the statute of limitations, the court limited plaintiffs' claim to overcharges arising from shipments delivered on or after February 24, 1972. The court's decision granting plaintiffs' motion for summary judgment recognized the important distinction existing between 49 U.S.C. §§ 15(7) and 15(1). The question involved was whether rates collected from plaintiffs by LIRR were unlawful because not consented to by LIRR and thus gave rise to a statutory claim by plaintiffs for overcharges cognizable by this court under 49 U.S.C. §§ 8, 9 and 16. LIRR's claim against the third-party defendant railroads remains to be adjudicated. Defendant and third-party defendants sought and were granted interlocutory appeal to the United States Court of Appeals for the Second Circuit from the orders of the District Court. The proposed settlement was negotiated by the named parties prior to the submission of these questions to the Court of Appeals for interlocutory review and, pursuant to the Civil Appeals Management Plan of the Court of Appeals, the action was remanded to this court for consideration of the proposed settlement.

The proposed settlement requires defendant LIRR to pay $900,000, of which $720,000 will come from the third-party defendants, and from which up to $300,000 will be deducted for counsel fees and expenses, leaving a total of at least $600,000 for the benefit of the class. The notice to the class members described the proposed settlement in these words:

> Assuming that all issues were to be resolved in plaintiffs' favor and sustained at all future stages of litigation and appeal, and assuming that claims were to be filed for all possible shipments subject to the alleged overcharges between February 24, 1972 and March 16, 1976, the maximum exposure of the defendant is estimated to be in excess of Thirty-Two Million Dollars ($32,000,000). If the Court's ruling with respect to the statute of limitations were reversed such that claims for overcharges between November 18, 1969 and March 16, 1976 are recoverable, the maximum exposure of the defendant is estimated to be in excess of Forty-Two Million Dollars ($42,000,000). Under both assumptions, the amount of the settlement, before deducting expenses, constitutes less than 3% of the maximum exposure.

Nevertheless, counsel for plaintiffs stated that the proposed settlement was in the best interest of the class members and no objections to the settlement have been filed.

■ The court is familiar with the principles applicable to the court's approval of class action settlements. Fed.R.Civ.P. Rule 23(e) requires the court's approval of any dismissal or compromise of a class action. Whether approval should be granted is within the sound discretion of the court. In determining whether to give its approval, the court cannot act as a rubber stamp in order to adopt what the parties alone agree is fair and equitable. *Seigal v. Merrick*, 590 F.2d 35, 37–8 (2d Cir. 1978). As stated in *Wainwright v. Kraftco Corp.*, 53 F.R.D. 78, 80 (N.D.Ga.1971), "Rule 23(e) places on the court the responsibility of protecting the absent parties, and it gives the court the necessary discretion to fulfill this responsibility." When a class action settlement is fair, reasonable and adequate and not the product of collusion between the parties, the court should approve it. *E. g., Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977); *Green v. Wolf Corp.*, 69 F.R.D. 568 (S.D.N.Y.1976).

■ Whether the proposed settlement represents a reasonable compromise depends on many factors, including (1) the strength of plaintiffs' case, that is, plaintiffs' probability of success and, if successful, the probable rewards of litigation; (2) the amount offered in settlement; (3) defendant's and third-party defendants' overall financial condition and ability to pay; (4) the complexity, length and expense of further litigation; (5) the reaction of class members and any opposition to the settlement; and (6) the recommendation and experience of counsel. *E. g., Robertson v. National Basketball Ass'n*, 72 F.R.D. 64 (S.D.N.Y.1976), *aff'd*, 556 F.2d 682 (2d Cir. 1977); *Stull v. Baker*, 410 F.Supp. 1326 (S.D.N.Y.1976). The court recognizes that the fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should therefore be disapproved. *Detroit v. Grinnel Corp.*, 495 F.2d 448, 455 (2d Cir. 1974). However, where defendant's liability has been *prima facie* established, any party attempting to justify a settlement amounting to only a small fraction of the ultimate possible recovery has a substantial burden of proof. *Id.*

■ In this case, the court does not believe that the representative plaintiffs or the defendant and the third-party defendants have met this burden. As above indicated, the court granted plaintiffs' motion for summary judgment against LIRR. Although it has no illusions concerning its fallibility, the court remains of the opinion that the decision represents the present state of the applicable law. Nevertheless, in the interest of judicial economy, the court granted the third-party defendants permission to seek an interlocutory appeal under 28 U.S.C. § 1292(b). In independently and objectively analyzing this settlement, the court has considered the fiscal responsibility of the defendant and of the non-bankruptcy third-party defendants as well as the strength and weakness of plaintiffs' case, including the difficulty of proving the amount of the overcharges through waybills, as compared with the amount of the proposed settlement. In performing this balancing task, it finds it almost impossible to conclude that an approximate 3% settlement of at most $600,000 as compared with a potential maximum recovery of $32 to 42 Million represents a fair, adequate and reasonable settlement. It is with great hesitation and reluctance that this court believes it must disapprove the settlement, particularly since no objection has been filed, but it cannot in good conscience, do otherwise under the circumstances.

■ Realizing that in the last analysis the class members have a right to compromise their own financial interest on such terms as they deem advisable, even though profligate, the court believes it should offer the parties two alternatives to the prosecution of the present appeal as follows:

(1) a substantial improvement of the present terms of the proposed settlement to be submitted to the class members after prior approval by the court; or

(2) a notification to all class members of the court's disapproval of the present proposed settlement with another opportunity

to approve or object to the terms of the settlement. If thereafter no class member objects to the terms of the present proposed settlement, the court will approve this proposed settlement upon the ground that the class members with full notice of the possibilities of maximum recovery have a right to approve a settlement which the court deems unfair, unreasonable, and inadequate. If this alternative to appeal is accepted, the time to file claim forms will be extended and the time to file objections will be likewise extended.

The proposed settlement is hereby disapproved.

SO ORDERED.[1]

## ON APPROVAL OF SETTLEMENT

■ All parties having submitted for approval a Stipulation of Settlement dated December 16, 1980, revised January 20, 1981, ("Stipulation"); [2] and an Order of this Court dated January 22, 1981 ("Order") having been filed, providing that a hearing be held before this Court on March 20, 1981, for the purpose of determining whether the compromise and settlement of this action as to plaintiffs, defendant and all third-party defendants herein, in accordance with the terms and conditions of the Stipulation, is fair, reasonable and adequate, and should be approved by the Court, and whether releases shall be delivered by attorney for plaintiffs pursuant to Order of this Court and on behalf of plaintiff class to the defendant and third-party defendants, discharging the defendant and all third-party defendants as to all claims or causes of action asserted or pleaded or that could have been asserted or pleaded on the basis of the matters or transactions recited, described or referred to in any of the pleadings or other proceedings in this action, and further providing that notice of such hearing ("Notice"), substantially in the form annexed to the Order, be mailed on or before January 30, 1981, to each class member

to whom Notice of Pendency of Class Action was mailed pursuant to an Order dated July 16, 1976 and that publication of such Notice take place;

And the Notice having advised each class member that at the hearing on March 20, 1981 any class member might appear in person or by attorney at such hearing and show cause, if any he had, why the Stipulation should not be approved as fair, reasonable and adequate and why this action should not be dismissed as to the defendant and third-party defendants with prejudice to plaintiff class and the members thereof and each of them;

And, this Court being satisfied that all conditions pertaining to Notice contained in the Order of January 22, 1981 have been complied with, and said hearing having been duly held before this Court on March 20, 1981; and plaintiffs' attorneys, Augello, Pezold & Hirschmann, P. C., by George Carl Pezold, Esq., having submitted an affidavit in support of the settlement;

And only one objection having been filed to the proposed settlement, unsupported by any specific grounds except that the settlement is relatively too small;

NOW, after hearing those persons who desired to be heard in support of or in opposition to such approval, and upon the foregoing and all other papers filed in this action and all proceedings heretofore had herein, and after due deliberation by this Court, IT IS HEREBY ORDERED THAT:

1. The compromise and settlement of this action as to plaintiff-defendant and all third-party defendants as set forth in the Stipulation is approved as fair, reasonable and adequate.

2. The parties to the Stipulation are directed to consummate the compromise and settlement according to the terms and provisions of the Stipulation and of this Order.

3. All monies to be paid to the benefit of the Class ("Settlement Fund") shall be paid

---

1. See the order of this court in the above-entitled matter dated March 20, 1981.

2. Following the denial of the defendants' petition for a writ of mandamus directing the court to approve the first proposed settlement, *In re*

*Traffic Ass'n—Eastern Railroads*, 627 F.2d 631 (2d Cir. 1980), the parties agreed to settle the case for $2,000,000, an increase of $1,100,000 over the earlier proposal.

to George Carl Pezold, Esq., who shall hold them as trustee for the benefit of the Class subject to the supervision of this Court. The Settlement Fund shall be administered and distributed as per Order of this Court. The costs of said administration, and any attorneys' fees and disbursements awarded by order of this Court, are to be borne by the Settlement Fund.

4. All members of the class herein are permanently barred and enjoined from the institution and prosecution of any other action against the defendant or third-party defendants or any of them, or against any of their respective present and former directors, officers, employees, agents, successors or assigns, asserting any claim or claims that have been or could have been asserted in the pleadings and proceedings in the above-captioned action.

5. This Court reserves jurisdiction for all purposes over the effectuation of the compromise and settlement of this action, including the administration and distribution of the Settlement Fund.

6. Plaintiffs' complaint and amended complaint herein against defendant and third-party plaintiff's third-party complaint herein against all third-party defendants are dismissed with prejudice and without costs (except as provided in paragraph 3 above) as of the Effective Date as defined in the Stipulation of Settlement in this Action.