**LITTLE ROCK SCHOOL DISTRICT et al., Plaintiffs,**

v.

**BORDEN, INC. et al., Defendants.**

**Nos. LR–76–C–41, LR–C–77–126.**

United States District Court,
E. D. Arkansas, W. D.

Dec. 19, 1980.

Robert V. Light, Friday, Eldredge & Clark, Little Rock, Ark., John N. McCamish, Jr., San Antonio, Tex., Stephen D. Susman, Mandell & Wright, Houston, Tex., Howard A. Specter, Litman Litman Harris & Specter, P. A., Pittsburgh, Pa., Merl Barns, Asst. Atty. Gen., Little Rock, Ark., for plaintiffs.

Nathan P. Eimer, Sidley & Austin, Chicago, Ill., James M. McHaney, Owens, McHaney & McHaney, Little Rock, Ark., Howard Matto, Borden, Inc., Columbus, Ohio, Griffin Smith, Little Rock, Ark., Charles R. Hoover, Jennings, Strouss & Salmon, Phoenix, Ariz., Robert F. Fussell, Little Rock, Ark., William R. Wilson, Jr., Wilson & Engstrom, Alston Jennings, Wright, Lindsey & Jennings, Little Rock, Ark., Ted Boswell, Bryant, Ark., Richard P. Campbell, McConnell & Campbell, Chicago, Ill., Veryl L. Riddle, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., Thomas B. Staley, Richard N. Moore, Dodds, Kidd & Ryan, Little Rock, Ark., for defendants.

MEMORANDUM OPINION

EISELE, District Judge.

The trial of these consolidated cases is scheduled to begin on January 6, 1981. The defendant Dean Foods Products Company, Inc. (Dean) has moved for a continuance of the trial date on the basis of its appeal of this Court's Order disapproving its settlement with the plaintiffs. Dean argues that the Court of Appeals will not be able to resolve its appeal before the trial date and that the resources it must expend at trial will be wasted if the Court of Appeals ultimately rules in its favor.

The Court has denied Dean's motion for a continuance on the grounds that the Order

disapproving the settlement is not appealable and that Dean is not likely to prevail at the Court of Appeals. This Memorandum Opinion sets forth briefly the bases for this Court's conclusions regarding appealability and Dean's likelihood of prevailing.

In *Norman v. McKee*, 431 F.2d 769, 774 (9th Cir. 1970), *cert. denied*, 401 U.S. 912, 91 S.Ct. 879, 27 L.Ed.2d 811 (1971), the court held that "orders disapproving settlements . . . are appealable as final decision under [28 U.S.C. § 1291]." This holding was based on the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

In *In re International House of Pancakes Franchise Litigation*, 487 F.2d 303 (8th Cir. 1973), the court reviewed and summarily affirmed a lower court order disapproving a settlement between the defendant and certain of the plaintiffs. The procedural background of the case was not discussed in the opinion. The court did not address the issue of the appealability of the lower court's order, since that issue was apparently not raised by the parties.

■ In *Seigal v. Merrick*, 590 F.2d 35, 36 (2d Cir. 1978), the court held that "the refusal of the District Court to approve a settlement in a stockholder derivative action is not appealable under § 1291." In a well-reasoned, thorough opinion which is equally applicable to disapproval of settlements in other types of class actions, including this antitrust case, the court rejected the argument that such orders were appealable under the collateral order doctrine. This Court is convinced by the reasoning of *Seigal v. Merrick*, and it anticipates that, when the issue is squarely presented to the Court of Appeals for the Eighth Circuit, that court will also conclude that the Order disapproving the Dean settlement in this case is not appealable, especially in the light of the trend in the Supreme Court evidenced by *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

Two other cases should be mentioned, so the issues therein will not be confused with the issue in this case. In *In re General Motors Corporation Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir. 1979), *cert. denied*, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979), the court held that an order *approving* a settlement between the defendant and one of two plaintiff subclasses was appealable. The court expressly distinguished the case from one in which a settlement had been disapproved and declined to take a position on the appealability of an order of disapproval. *Id.* at 1119.

In *Carson v. American Brands, Inc.*, 606 F.2d 420 (4th Cir. 1979) (*en banc*), the court held that an order disapproving a settlement and proposed consent decree in a Title VII case was not appealable. The dissent argued only that the order was appealable as an exception within 28 U.S.C. § 1292(a)(1), since it was an order "refusing an injunction." *Id.* at 428–29. That argument is not applicable in these cases because no potential injunction is involved.

■ The Court notes further that even if the order of disapproval were appealable, Dean would not be likely to prevail on appeal. The Court of Appeals for the Eighth Circuit will not overturn such an order unless it finds that the district court has abused its discretion in disapproving the settlement. *In re International House of Pancakes Franchise Litigation, supra*, 487 F.2d at 304.

The trial of these cases has been delayed several times. This litigation has already been protracted beyond the time at which it might reasonably have been expected to end. No further delay of the trial should be granted absent a clearly compelling ground therefor. The Court has not been presented with a situation which compels further delay. The trial is scheduled to begin on January 6, 1981. Over a month has been set aside for this purpose.

■ For the foregoing reasons, the Court concludes that Dean's motion for a continuance of the trial date should be denied.