627 F.2d 631
 In re TRAFFIC EXECUTIVE ASSOCIATION EASTERN RAILROADS et
al., Petitioners.
AXINN & SONS LUMBER CO., INC., et al., Plaintiffs,
v.
The LONG ISLAND RAIL ROAD COMPANY, Defendant and Third-Party Plaintiff,
v.
TRAFFIC EXECUTIVE ASSOCIATION EASTERN RAILROADS et al.,
Third-Party Defendants.
 No. 1427, Docket 79-3082.
 United States Court of Appeals,
Second Circuit.
 Petition for writ of mandamus filed November 7, 1979.
Decided Aug. 11, 1980.
 
 Leonard Garment, Harry G. Silleck, Jr., Douglas M. Parker, John L. Altieri, Jr., Robert A. Jaffe, New York City (Mudge Rose Guthrie & Alexander, New York City, N. Y., on brief), for certain third-party defendants and petitioners.
 Walter J. Myskowski, Washington, D. C., Thomas M. Taranto, Jamaica, N. Y., for petitioner, defendant, and third-party plaintiff Long Island Rail Road.
 J. Peter Coll, Jr., New York City (Donovan, Leisure, Newton & Irvine, New York City, Covington & Burling, Washington, D. C., on brief), for certain third-party defendants and petitioners.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 Petitioners seek a writ of mandamus directing Judge John Bartels of the United States District Court for the Eastern District of New York to approve a proposed settlement in this class action. The petition is denied.
 
 
 2
 Plaintiffs, who are shipping customers of defendant Long Island Rail Road, commenced this action on behalf of themselves and a class of shippers to recover freight overcharges resulting from rate increases held to be illegal in Ajayem Lumber Co. v. Penn Central Transportation Co., 487 F.2d 179 (2d Cir. 1973), clarified, 496 F.2d 21 (2d Cir.), cert. denied, 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed.2d 124 (1974). In August 1976, the district court certified a class of approximately 600 shippers.
 
 
 3
 Long Island interpleaded a number of other railroads as third-party defendants, asserting that it was they who were responsible for the rate increases. Motions to dismiss by all the railroads were denied. Instead, the district court granted plaintiffs' motion for summary judgment on the issue of liability against the Long Island, limiting plaintiffs' recovery, because of the bar of the statute of limitations, to claims arising after February 24, 1972. The railroads were then granted interlocutory appeal to this Court pursuant to 28 U.S.C. § 1292(b).[1] Settlement negotiations were conducted here under the auspices of the Civil Appeals Management Plan; and, when a tentative settlement was agreed upon, the action was remanded to the district court so that application could be made for approval of the settlement as required by Federal Rule of Civil Procedure 23(e).
 
 
 4
 The proposed settlement called for a payment of $900,000, of which $720,000 would come from the third-party defendants. Counsel fees and expenses totaling $300,000 would be deducted, leaving about $600,000 for the benefit of the class. Judge Bartels held several hearings concerning the fairness of the settlement, measured against a possible recovery of somewhere between $32 million and $42 million. Although this preliminary investigation did not convince him that the amount agreed upon was fair, he permitted notice of the proposed settlement to be sent to class members. However, despite the fact that no objections were received from the notified absentees, Judge Bartels' continued misgivings concerning the adequacy of the proposed settlement led him to disapprove it. The petition for mandamus followed.
 
 
 5
 A district judge's order approving or disapproving a proposed class settlement will not be overturned on appeal unless there is a clear showing of abuse of discretion. West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079, 1085 (2d Cir.), cert. denied, 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971); In re International House of Pancakes Franchise Litigation, 487 F.2d 303, 304 (8th Cir. 1973); Norman v. McKee, 431 F.2d 769, 774 (9th Cir. 1970), cert. denied, 401 U.S. 912, 91 S.Ct. 879, 27 L.Ed.2d 811 (1971). In the exercise of his discretion, the most significant factor for the district judge is the strength of plaintiffs' case balanced against the settlement offer. West Virginia v. Chas. Pfizer & Co., supra, 440 F.2d at 1085. Although the district judge in striking this balance should not convert the settlement hearings into a trial on the merits, he is required to explore the facts sufficiently to make an intelligent comparison between the amount of the compromise and the probable recovery. City of Detroit v. Grinnell Corp., 495 F.2d 448, 455 (2d Cir. 1974); Saylor v. Lindsley, 456 F.2d 896, 904 (2d Cir. 1972).
 
 
 6
 This comparison cannot be made with equal facility by an appellate court, Siegal v. Merrick, 590 F.2d 35, 38 (2d Cir. 1978), especially where, as here, the defendants alone petition for mandamus. It is not illogical to assume that plaintiffs' counsel who moved for and secured summary judgment might view plaintiffs' chances of recovery more optimistically than do the defendants. Obviously, the district judge did. Judge Bartels stated that, in determining whether to approve the settlement, he considered, among other things, the strength of plaintiffs' case, the probable rewards of successful litigation, and the fact that the amount of the proposed settlement was only approximately 3 percent of the potential recovery. Although we do not prejudge the merits of plaintiffs' claim, we are not prepared to say that Judge Bartels' decision to disapprove was such a clear abuse of discretion as to warrant the direction of a contrary result. This Court will not issue mandamus with respect to a discretionary order except in most extraordinary circumstances. General Motors Corp. v. City of New York, 501 F.2d 639, 648 (2d Cir. 1974); see National Super Spuds, Inc. v. New York Mercantile Exchange, 591 F.2d 174, 181 (2d Cir. 1979). The instant case does not fall within that category.
 
 
 7
 The likelihood that class members will find it tedious and time consuming to prove their losses does not make this an out-of-the-ordinary case. Problems of proof are common in tariff litigation and should have been anticipated when the instant action was started. Neither does this case become one of extraordinary genre because settlement was disapproved although no objections were voiced. A substantial lack of response from absentee class members appears to be the norm rather than the exception. See Van Gemert v. Boeing Co., 573 F.2d 733, 736 n.4 (2d Cir. 1978), vacated en banc, 590 F.2d 433 (1978), aff'd, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). The district court was required to exercise its independent judgment to protect the interests of class absentees, regardless of their apparent indifference. Goldsholl v. Shapiro, 417 F.Supp. 1291, 1296 (S.D.N.Y. 1976); Fricke v. Daylin, Inc., 66 F.R.D. 90, 97-98 (E.D.N.Y. 1975). The exercise of that judgment by the district court can hardly be assailed as extraordinary.
 
 
 8
 In view of Judge Bartels' unhappiness with the proposed settlement, it might have been better had he not permitted the Rule 23(e) notice to be sent out. However, the granting of permission is not tantamount to a finding that the settlement is fair and reasonable. It is at most a determination that there is what might be termed "probable cause" to submit the proposal to class members and hold a full-scale hearing as to its fairness. See Manual For Complex Litigation § 1.46 at 55 n.10 (1977).
 
 
 9
 It would be a mistake, however, for the district judge to permit another notice to go out containing a statement that the court disapproved of the proposed settlement. The district judge suggested that this be done with the understanding that, if no objections were received, he would approve the settlement despite his feeling that it was unfair. In the first place, the notice should be "scrupulously neutral" and contain no expression of opinion by the judge as to the merits of the proposed settlement. Grunin v. International House of Pancakes, 513 F.2d 114, 122 (8th Cir.), cert. denied, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975). Secondly, lack of objection does not necessarily mean unanimous assent, and the procedure suggested by the district judge would result in an abrogation of the responsibility imposed upon him to exercise independent judgment for the protection of class absentees. See Greenspun v. Bogan, 492 F.2d 375, 378 (1st Cir. 1974).
 
 
 10
 The district judge has exercised his discretion and disapproved the proposed settlement. Because there has been no clear showing of abuse, mandamus will not issue. We find no merit in petitioners' contention that this Court should reach a contrary result on the merits by treating the mandamus petition as an appeal. Petitioners assert that we may hear such an appeal under the doctrine of pendent jurisdiction because of the grant of permission to take a § 1292(b) interlocutory appeal from prior orders. This argument overlooks the fact that the prior appeal was conditionally withdrawn and the matter remanded to the district court for Rule 23(e) proceedings. Even if this had not occurred, we would be reluctant to use the jurisdiction acquired under § 1292(b) to dispose separately of an unrelated appeal from a discretionary order. See General Motors Corp. v. City of New York, supra, 501 F.2d at 648; Garner v. Wolfinbarger, 433 F.2d 117, 119-20 (5th Cir. 1970).
 
 
 11
 Petition for mandamus denied. So far as the petition may be construed as an appeal, it is dismissed for lack of jurisdiction.
 
 
 
 [1]
 Long Island's claims against the third-party defendants have not yet been adjudicated