### In re NASDAQ MARKET–MAKERS ANTITRUST LITIGATION.

### Nos. 94 Civ. 3996(RWS), MDL 1023.

United States District Court,
S.D. New York.

Oct. 16, 1997.

Fine, Kaplan and Black by Arthur M. Kaplan, Philadelphia, PA, Milberg, Weiss, Bershad, Hynes & Lerach by Leonard B. Simon and David J. Bershad, San Diego, CA, Christopher Lovell, New York City, Meredith, Cohen, Greenfogel & Skirnick by Robert A. Skirnick, New York City, for plaintiffs.

Arnold & Porter by Cathy Hoffman, New York City, for Jefferies & Co., Inc.

Shearman & Sterling by Kenneth M. Kramer, New York City, for Kidder, Peabody & Co.

Weil, Gotshal & Manges by Jay N. Fastow and Eileen S. Simon, New York City, for Merrill Lynch.

Crummy, Deldeo, Dolan, Griffinger & Vecchione by Brian J. McMahon, Newark, NJ, for Sherwood Securities.

Paul, Weiss, Rifkind, Wharton & Garrison by Moses Silverman, New York City, for Cantor Fitzgerald.

Fried, Frank, Harris, Shriver & Jacobson by Michael H. Rauch, New York City, for Montgomery Securities.

Sullivan & Cromwell by John L. Warden, New York City, for Goldman, Sachs & Co.

## OPINION

SWEET, District Judge.

Plaintiffs in this class action have moved for preliminary approval of proposed settlements with six different defendants, Sherwood Securities Corp., ("Sherwood"), Kidder Peabody & Co., ("Kidder"), Herzog, Heine, Geduld, Inc., ("Herzog"), Jeffries and Co., Inc., ("Jeffries"), Cantor Fitzgerald & Co., ("Cantor"), and Montgomery Securities, ("Montgomery") (collectively, the "Settling Defendants"). Certain other defendants, (the "Non–Settling Defendants"),[1] oppose the motion as regards Herzog, Jeffries, Cantor and Montgomery only. For the reasons set forth below, preliminary approval for the settlements is granted for all six Settling Defendants.

### Background

The parties, prior proceedings, related proceedings and facts in this action are fully set forth in several prior opinions of this court, familiarity with which is assumed. *See In re Nasdaq Market–Makers Antitrust Litigation,* 894 F.Supp. 703 (S.D.N.Y.1995) (*"Nasdaq I"*); *In re NASDAQ Market–Makers Antitrust Litigation,* 164 F.R.D. 346 (S.D.N.Y.1996) (*"NASDAQ II"*); *In re NASDAQ Market–Makers Antitrust Litigation,* 1996 WL 187409 (S.D.N.Y. April 18, 1996) (*"NASDAQ III"*); *In re NASDAQ Market–Makers Antitrust Litigation,* 929 F.Supp. 723 (S.D.N.Y.1996) (*"NASDAQ IV"*); *In re*

*NASDAQ Market–Makers Antitrust Litigation,* 169 F.R.D. 493 (S.D.N.Y.1996) (*"NASDAQ V"*); *In re NASDAQ Market–Makers Antitrust Litigation,* 172 F.R.D. 119 (S.D.N.Y.1997) (*"NASDAQ VI"*). Those prior proceedings and facts relevant to the instant motion are set forth below.

The 33 named defendants in this action are all leading market–makers on the Nasdaq exchange, a computerized securities quotations system operated by the National Association of Securities Dealers ("NASD").

Plaintiffs are a class of individuals and institutional investors who purchased or sold shares of class securities from one or more defendants or their commonly owned affiliates during the period of May 1, 1989 to May 24, 1994. Plaintiffs have alleged in the current Amended Refiled Consolidated Complaint that Defendants engaged in an unlawful combination and conspiracy with others to increase, fix and maintain the bid–ask spreads of certain Nasdaq securities in violation of the Sherman Act, 15 U.S.C. § 1, resulting in damages to the class.

On June 30, 1997, Plaintiffs filed a motion for preliminary approval of a proposed settlement with Sherwood, Kidder and Herzog. On July 28, 1997, the Non–Settling Defendants filed opposition to the proposed settlement with Herzog. The Non–Settling Defendants did not oppose the proposed settlements with Sherwood and Kidder. On August 29, 1997, Plaintiffs filed a motion for preliminary approval of a proposed settlement with Jeffries, Cantor and Montgomery. On September 15, 1997, the Non–Settling Defendants filed opposition to the proposed settlements with Jeffries, Cantor and Montgomery. Oral argument was heard on September 24, 1997, at which time the motion was deemed fully submitted.

---

1. The Non–Settling Defendants who have filed objections to this motion are: Merrill Lynch, Pierce, Fenner & Smith Inc., Goldman, Sachs & Co., and Troster Singer.

These Non–Settling Defendants filed objections on behalf of the remaining defendants in this action, Alex, Brown & Sons Inc., Bear, Stearns & Co. Inc., Cowen & Co., Dean Witter Reynolds Inc., Donaldson Lufkin & Jenrette Securities Corp., Everen Securities, Furman Selz LLC, Hambrecht & Quist LLC, JP Morgan, Legg Mason Wood Walker Inc., Lehman Brothers Inc., Mayer & Schweitzer Inc., Morgan Stanley & Co. Inc., Nash, Weiss & Co., Olde Discount Corporation, Oppenheimer & Co. Inc., Paine Webber Inc., Piper Jaffray Inc., Prudential Securities Inc., Robertson, Stephens & Co., The Robinson–Humphrey Co. Inc., Smith Barney, Inc., UBS Securities LLC, Weeden & Co., L.P.

## Discussion

### A. *Standard for Preliminary Approval*

 Preliminary approval of a proposed settlement is the first in a two–step process required before a class action may be settled. *Manual for Complex Litigation, Third,* § 30.41 (West 1995) (hereinafter *"MCL"*); Rule 23(e), Fed.R.Civ.P. (dismissal or compromise of class action must be preceded by notice of proposed dismissal or compromise in manner directed by court and by judicial approval). In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice. Where the proposed settlement appears to be the product of serious, informed, non–collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted. *MCL,* § 30.41. Once preliminary approval is bestowed, the second step of the process ensues: notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval. *MCL* at § 23.14.

### B. *The Terms of the Settlements*

According to Plaintiffs and the Settling Defendants, the following settlement agreements were entered into in good faith, after extensive arm's length negotiations between experienced and informed counsel on both sides, spanning a period of months, in an action which has been both vigorously prosecuted and zealously defended. The individual settlements are as follows.

#### i. *Sherwood*

The settlement with Sherwood requires that defendant to pay $4.375 million per percentage point of its 2.1% market share. The total thus amounts to $9,187,500. Sherwood has already paid $4,593,750 into an interest–bearing escrow account. The second half, plus interest, will be paid within one year of the agreement.

#### ii. *Kidder*

The settlement with Kidder requires that defendant to pay $5.625 million per percentage point of its 2.5% market share. The total thus amounts to $14,625,000. Kidder has paid that full amount into an interest–bearing escrow account.

#### iii. *Herzog*

The settlement with Herzog amounts to $30,604,454.50 in cash. This amount represents 25% of Herzog's net capital at the close of the most recent quarter on March 27, 1997.

#### iv. *Jeffries*

The settlement with Jeffries requires that defendant to pay $10,312,500 plus interest. This amount is based on payment of $6.875 million per percentage point of a market share not more than 1.5%

#### v. *Cantor*

The settlement with Cantor requires that defendant to pay a total of $14,700,000 plus interest. This total is based on a payment of $7.5 million per percentage point of a 1.96% market share.

#### vi. *Montgomery*

The settlement with Montgomery requires that defendant to pay a total of $20 million. This total is based on a payment of $8.25 million per percentage point of a 2.41% market share.

 The standards for preliminary approval are met in this case. The settlements are the result of serious negotiation; no favoring of class representatives or any segment of the class is evident. The settlements are "at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard." *In re Baldwin–United Corp.,* 105 F.R.D. 475, 482 (S.D.N.Y.1984); *In re Prudential Securities Inc. L.P. Litigation,* 163 F.R.D. 200, 209 (S.D.N.Y.1995).

### C. *Non–Settling Defendants' Opposition is both Baseless and lacks Subject Matter Jurisdiction*

Non–Settling Defendants oppose the proposed settlements with Herzog, Jeffries,

Cantor and Montgomery on the basis of a single paragraph included in each of these settlement agreements, ("Paragraph 9"), which states:

> Settling Defendant reserves the right to object to any one or more Future Settlements that include a non–cash component which does not by its terms expressly permit Settling Defendant:
>
> (a) to participate in such non–cash consideration itself and
>
> (b)(i) to accept from Class members in lieu of cash the non–cash consideration issued by Future Settling Defendant(s) and to redeem such non–cash consideration from the Future Settling Defendant(s) for cash on the same terms as other defendants, or,
>
> (ii) if issuance by and redemption from such Future Settling Defendant(s) is not a feature of such noncash consideration, to receive reimbursement for accepting such non–cash consideration to the same extent as any other defendants (including the Future Settling Defendant(s) who issue the non–cash consideration). Plaintiffs reserve the right to oppose such objections based on lack of standing or any other grounds.

Non–Settling Defendants contend that Paragraph 9 impermissibly seeks to confer standing upon the Settling Defendants to object to any future settlements which may be achieved with other defendants.

■ However, Paragraph 9 cannot establish standing. Standing is a jurisdictional matter which must be resolved by the court; parties cannot either waive or confer standing by agreement. *See St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 696 (2d Cir.1989) (court must independently examine basis of standing despite plaintiff's concession of defendant's standing to assert alter ego claim); *Barhold v. Rodriguez*, 863 F.2d 233, 234 (2d Cir.1988) ("[P]arties do not have the power to confer such jurisdiction upon the Court by conceding the standing of certain plaintiffs."); *Wilson v. Glenwood Intermountain Properties. Inc.*, 98 F.3d 590, 593 (10th Cir.1996) ("The district court's finding that defendant's conceded plaintiffs had standing to raise their

... claims is not determinative; parties cannot confer subject matter jurisdiction on the courts by agreement."); *Board of Directors of Chestnut Grove Condominium Unit Owners' Association v. Resolution Trust Corporation*, 161 B.R. 860, 862 (D.D.C.1993) ("Standing is an Article III requirement for jurisdiction which cannot be waived or ignored by the parties.") Indeed, the last sentence of Paragraph 9 refers to "lack of standing" grounds for opposing the Settling Defendants' hypothetical objection to future settlements. In sum, the issue of standing is one for this Court to resolve if it arises in the future, and an issue which is not currently under consideration. It is not and could not be resolved in the settlement agreements.

■ Given the inability of Paragraph 9 to confer standing, Non–Settling Defendants themselves lack standing to challenge these settlement agreements. Establishment of standing requires:

> (1) that the plaintiff have suffered an "injury of act"—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of— the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bennett v, Spear*, —— U.S. ——, ——, 117 S.Ct. 1154, 1163, 137 L.Ed.2d 281 (1997); *see also, AMSAT Cable Ltd. v. Cablevision of Connecticut Limited Partnership*, 6 F.3d 867, 873 (2d Cir.1993); *Heldman v. Sobol*, 962 F.2d 148, 154 (2d Cir.1992). Generally, a non–settling defendant lacks standing to object to approval of a settlement because the non–settling defendant is not affected by that settlement. *Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir.1993) (citing cases). Standing exists only where the non–settling defendant can show that it will "sustain some formal legal prejudice as a result of the settlement."

*Id.* (citing *Waller v. Financial Corp. of America,* 828 F.2d 579, 583 (9th Cir.1987)). Because Paragraph 9 imposes no "legal prejudice" upon Non–Settling Defendants, and because this is the only ground on which they base their opposition to the settlements, Non–Settling Defendants lack standing to object.

### Conclusion

For the reasons set forth above, the orders granting preliminary approval for the proposed settlements with Sherwood, Kidder, Herzog, Jeffries, Cantor, and Montgomery will be signed. The date of the hearing for class members and Settling Defendants will be set by court order, once a program of class notice has been established.

It is so ordered.