## In re NASDAQ MARKET–MAKERS ANTITRUST LITIGATION.

### Nos. 94 Civ. 3996(RWS), M.D.L. 1023.

United States District Court, S.D. New York.

Aug. 18, 1998.

Whitney L. Schmidt, Tampa, FL, for Carol Bassette, Individually.

Fine Kaplan and Black, Philadelphia, PA (by Arthur M. Kaplan, of counsel), Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA (by Leonard B. Simon, David J. Bershad, of counsel), Lovell & Stewart, New York City (by Christopher Lovell, of counsel), Meredith Cohen Greenfogel & Skirnick, New York City (by Robert A. Skirnick, of counsel), for Plaintiffs.

Dickstein Shapiro Morin & Oshinsky, Washington, DC (by Howard Schiffman, R. Bruce Holcomb, of counsel), Sullivan & Cromwell, New York City (by John L. Warden, Michael Lacovara, of counsel), Weil, Gotshal & Manges, New York City (by Jay N. Fastow, Eileen S. Simon, of counsel), Liaison Counsel for Defendants.

*OPINION*

SWEET, District Judge.

Carol Bassette ("Bassette"), an individual potential class member in this antitrust class action lawsuit, has moved for an Order (1) allowing her to serve any court papers she files only upon the plaintiff's co-lead counsel committee and defendants' liaison committee, entered *nunc pro tunc* as of the date of the filing of her motion; (2) enlarging the time to elect whether to opt out of the class certified in this case until September 8, 1998; and (3) allowing her counsel and agents access to all discovery materials protected by Court Order of July 23, 1997, regarding confidential documents and for authorization to use any of the documents in any individual action filed on her behalf. For the reasons set forth below, Bassette's motions are granted in part and denied in part.

*Prior Proceedings and Facts*

The facts and prior proceedings of this action are set forth in the prior opinions of the Court, familiarity with which is assumed. *See In re Nasdaq Market–Makers Antitrust Litig.*, Nos. 94 Civ. 3996, M.D.L. 1023, 1997 WL 805062 (S.D.N.Y. Dec. 31, 1997); *In re Nasdaq Market–Makers Antitrust Litig.*, 894 F.Supp. 703 (S.D.N.Y.1995); *In re NASDAQ Market–Makers Antitrust Litig.*, 164 F.R.D. 346 (S.D.N.Y.1996); *In re NASDAQ Market–Makers Antitrust Litig.*, Nos. 94 Civ. 3996, M.D.L. 1023, 1996 WL 187409 (S.D.N.Y. April 18, 1996); *In re NASDAQ Market–Makers Antitrust Litig.*, 929 F.Supp. 723 (S.D.N.Y.1996); *In re NASDAQ Market–Makers Antitrust Litig.*, 169 F.R.D. 493 (S.D.N.Y.1996); *In re NASDAQ Market–Makers Antitrust Litig.*, 172 F.R.D. 119 (S.D.N.Y.1997); *In re Nasdaq Market–Makers Antitrust Litig.*, Nos. 94 Civ. 3996, M.D.L. 1023, 176 F.R.D. 99, 1997 WL 639240 (S.D.N.Y. Oct. 16, 1997). The prior proceedings and facts relevant to the instant motion are set forth below.

By order dated February 4, 1998, the Court approved the program of class notice in this matter as complying with Fed. R.Civ.P. 23 and with the requirements of due process. The Court subsequently approved limited amendments to the program of notice by Orders dated March 30, 1998, and June 15, 1998. The program of notice includes, among other things, separately mailed notice to identified potential class members (the "Notice") and publication of a "summary form" of notice in various newspapers and magazines.

Bassette asserts that she traded 100 shares of a class security, and that she received the Notice by mail on or about June 5, 1998. Bassette's motions for an order allowing limited service of any court papers and for an enlargement of time are dated June 27, 1998, and were deemed fully submitted on July 22, 1998, without oral argument. Bassette's discovery motion is dated July 8, 1998, and was deemed fully submitted on July 29, 1998, without oral argument.

## Discussion

### I. The Motion For Limited Service Is Granted

Pretrial Order Nos. 1 and 2 require service on all counsel. Bassette moves to limit her service for any court documents to plaintiff's co-lead counsel committee and defendants' liaison committee. Although this shifts the cost of service from her to the defendants, the defendants do not object to the service of defendants in connection with the pending motions by serving defendants' co-liaison counsel. In reply, Bassette acknowledges that the pending motions are likely dispositive of her concerns in this litigation. Accordingly, Bassette's motion to limit service is granted for the limited purpose of the pending motions.

### II. The Motion To Extend Time Is Granted

■ Bassette moves for an extension of time to decide whether to opt out of the Class until September 8, 1998, which is eight weeks after the July 14 opt-out deadline, and one day before the hearing on settlement approval by this Court.

Bassette contends that she needs the additional eight weeks to familiarize herself with the proposed settlement, to review the applicable court files, and to review the discovery materials described in the Notice to decide whether to opt out.

■ Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that "[w]hen ... by order of court an act is required ... to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) .... order the period enlarged if request therefore is made before the expiration of the period originally prescribed." Requests for an enlargement of the time to opt out of a class are granted only when the moving party has shown "both good faith and a reasonable basis for not acting within the specified period." *In re Prudential Securities Inc. Limited Partnerships Litig.*, 164 F.R.D. 362, 369 (S.D.N.Y.1996) (citation omitted).

The defendants contend that Bassette has not established sufficient reasons why she should be excused from the opt-out deadline. They contend that she has not distinguished her needs from those of any other class member, explained the particular information she needs, nor assured the Court that she will complete her inquiry by September 8.

Bassette has, however, unlike any other potential class member, moved for an extension of time and for access to confidential discovery materials prior to the July 14 opt-out deadline. Her timely motions are evidence of good faith effort to decide whether to opt out of the class. On the other hand, Bassette has not established that the full eight weeks requested are necessary to complete her analysis. Accordingly, Bassette's motion to enlarge the time to elect whether to opt out is extended to September 1, 1998, approximately one-week prior to the hearing on settlement approval scheduled for September 9, 1998.

### III. The Motion For Access To The Discovery Materials Is Granted For The Limited Purpose Of Deciding Whether to Opt–Out

■ Bassette has moved for an order granting her access to the confidential discovery in this action. The Amended Stipulated Order Regarding Confidential Documents, endorsed by the Court on July 23, 1997, provides in paragraph 4(c) that the Court may allow discovery material to be disclosed to any person designated by this Court in the interest of justice. Bassette contends that it is in the interest of justice to permit her access to the material.

Defendants contend that Bassette has no need to review the requested material in order to decide whether to opt out of the

Class. They contend that the materials available from the internet website established by the parties to this action, or available from the Clerk of the Court, are sufficient for the purpose of deciding whether she should remain in the Class.

Bassette, on the other hand, contends that she requires access to relevant documents not available on the website, including deposition transcripts and discovery materials described in the Notice.

Admittedly, the effort to review the extensive discovery documents in this action seem disproportionate to Bassette's interest in this action. According to the plaintiffs, the discovery in this case includes more than 3,000,000 pages of documents, more than 10,000 hours of audiotape, more than 250 deposition transcripts taken in this action or obtained from the government, and many interrogatory answers. Bassette's interest arises from her trades of 100 shares of a Class security. Whether such an endeavor is cost-effective, however, is Bassette's decision. Accordingly, Bassette's motion to review the discovery materials under the same terms and conditions already established in this action is granted in the interests of justice.

Bassette's motion for an order permitting her to use the discovery materials in a future action, however, is premature. Bassette has cited no authority supporting her request for pre-complaint discovery for purposes of a separate action she has not brought. If she files a separate case and then seeks this discovery, this issue can be addressed at that time.

### Conclusion

For the reasons set forth above, Bassette's motions are granted in part and denied in part.

It is so ordered.