Sheila HERTZBERG, Todd Hertzberg, Brett Hertzberg, Glenn Hertzberg, Jtwros, 8714 Sea Ash Circle, Round Texas 78681–3424, individually and on behalf of all others similarly situated, Art Rockwell and Devaney Family Trust, Plaintiffs–Appellees,

Bruce Parsley, Frank P. Faherty, Gwen Faherty, Duane R. Roberts, Michael E. Ryan, Joseph V. Allen, James Harris, on behalf of himself and all others similarly situated, David A. Garfinkel, Shelly Garfinkel, as custodian for Alicia Garfinkel and Pamela Garfinkel, Frederick Peyser, individually and on behalf of all others similarly situated, F. Brian Demaria, on behalf of himself and all others similarly situated, Harold Weber Ira, on behalf of himself and all others similarly situated, Jennifer C. Fink, individually and on behalf of all others similarly situated, Stephen Wilder, individually and on behalf of all others similarly situated, Brian Lawrence, on behalf of himself and all others similarly situated, Ed Baergen, on behalf of himself and all others similarly situated, Barry Grossman, on behalf of himself and all others similarly situated and Cindy Rice Furbershaw, on behalf of herself and all others similarly situated, Consolidated Plaintiffs–Appellees,

OCM Emerging Markets Fund, L.P., Objector–Appellant,

v.

ASIA PULP & PAPER COMPANY, Defendant–Appellee,

Teguh Ganda Wijaya, Hendrik Tee, Augusto Peralto Nilo, Suresh Kilam, Franky Aesman Widjaja, Muktar Widjaja, Anderson Worldwide Societe, APP Global Ltd., J.P. Morgan Chase, Credit Suisse First Boston Corp., formerly known as Credit Suisse First Boston LLC, Morgan Stanley Dean Witter & Co., formerly known as Morgan Stanley & Co. Incorporated, Arthur Andersen Singapore, Andersen Worldwide Societe Cooperative and Prasetio UOMO & Co., Defendants–Appellees,

APP Finance Limited, J.P. Morgan Securities Inc., formerly known as Chase Securities, Inc. and Bankboston, N.A., Consolidated Defendants–Appellees,

John M. Coombs, Royalties Ltd., Coombs & Company, John Michael Coombs Family Living Trust, Avant Oil Corp., Coombs Brothers Investment Company LLC., Coombs Charitable Foundation, Jolly Jack Ranch LLC. and Northback Joint Venture LLC., Movants,

Oei Tjie Goan, Oei Jong Nian, Oei Siong Lian, Kenichi Oshitani, Kunihiko Naito, Arthur Anderson LLP, Eka Tjipta Widjaja, and PT Sinar Mas Tunggal, Consolidated Defendants–Appellees,

Merrill Lynch & Co., Inc., Consolidated Defendant–Appellee.

No. 06–1082–cv.

United States Court of Appeals, Second Circuit.

Sept. 13, 2006.

Joseph Zelmanovitz (Jay S. Auslander, Siller Wilk LLP, New York, NY, on the brief), for Objector–Appellant.

Robert W. Gaffey (Jayant W. Tambe and William J. Hine, on the brief), Jones Day, New York, NY, for Defendant–Appellee Asia Pulp & Paper Company, Ltd.

Arthur Abbey (Jill S. Abrams, Joshua N. Rubin and Meagan A. Zapotocky, Abbey Spanier Rodd Abrams & Paradis, LLP, New York, NY; Paul D. Young, Benjamin Y. Kaufman and January L. Kerr, Milberg Weiss Bershad & Schulman LLP, New York, NY, on the brief), for Plaintiffs–Appellees.

James B. Weidner, Clifford Chance U.S. LLP, New York, NY, for Consolidated De-

fendant–Appellee Merrill Lynch & Co., Inc.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Objector–Appellant OCM Emerging Markets Fund, L.P. ("OCM") appeals from a February 27, 2006 "Order and Final Judgment" of the District Court approving a class action settlement that provides principally for the payment of $46 million by Asia Pulp and Paper Company ("APP") to plaintiffs, and rejecting the objection of OCM to the settlement. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

On appeal, OCM contends that the District Court abused its discretion in finding the settlement fair, adequate and reasonable. *See D'Amato v. Deutsche Bank,* 236 F.3d 78, 85 (2d Cir.2001) ("The District Court must carefully scrutinize the settlement to ensure its fairness, adequacy and reasonableness. . . ."). According to OCM, the settlement bears no relationship to potential damages, APP can afford to pay more than $46 million, and the District Court failed to determine whether a judgment against APP would be collectible. Furthermore, OCM argues that the District Court abused its discretion by denying OCM additional discovery.

"This Court will disturb a judicially-approved settlement only when an objector has made a 'clear showing that the District Court has abused its discretion.' " *Id.*

(quoting *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 455 (2d Cir.1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000)). Nonetheless, when, as here, the settlement was "negotiated prior to class certification . . . it is subject to a higher degree of scrutiny." *Id.*

Upon our review of the record, we conclude that the District Court did not abuse its discretion in approving the settlement. OCM does not contend that there was any procedural unfairness in the negotiation of the settlement agreement. *See id.* ("A court reviewing a proposed settlement must pay close attention to the negotiating process, to ensure that the settlement resulted from 'arm's-length negotiations and that plaintiffs' counsel have possessed the experience and ability, and have engaged in the discovery, necessary to effective representation of the class's interests.' " (quoting *Weinberger v. Kendrick,* 698 F.2d 61, 74 (2d Cir.1982))). Rather, OCM argues that the District Court improperly applied the factors set forth in *Grinnell* for assessing the fairness and adequacy of a class action settlement. *See Grinnell,* 495 F.2d at 463.[1] In particular, OCM claims that the record was insufficient for the District Court to consider the seventh and eighth *Grinnell* factors, *see ante* n. 1, in an informed manner.

We disagree. After being presented with briefing that addressed each of the *Grinnell* factors, the District Court determined that "there is very little to be disputed because [plaintiffs are] going to get a huge judgment but they're not going to

---

**1.** Pursuant to *Grinnell,* the following factors are to be considered:
(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action

through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell,* 495 F.2d at 463 (internal citations omitted).

be able to collect it." Tr. of Hr'g, Feb. 27, 2006 ("Tr."), at 7; *see also id.* at 16 ("Well, the bottom line is that they couldn't collect the judgment anyway ...."); *id.* at 20 (noting that OCM did not "address much as to the question of what Asia Pulp could be made to pay"); *id.* at 21 ("The real world is not measured by what the total exposure is but what you're likely to collect."); *id.* at 23, 64 (commenting that affiliates of OCM had managed to collect "bupkus," notwithstanding the large judgment they had obtained against APP in New York State court). The Court thus assessed "the range of reasonableness of the settlement fund in light of the best possible recovery" and determined that "the ability of [APP] to withstand a greater judgment" was irrelevant because plaintiffs were unlikely to recover any of whatever larger award of damages might be achieved by further litigation. *Grinnell,* 495 F.2d at 463. By contrast, access to the funds payable pursuant to the settlement is guaranteed by a letter of credit. The material in the record—including testimony concerning the extensive yet unsuccessful attempts of OCM's affiliates to collect any of their $353 million judgment against APP—provides adequate support for the District Court's finding that any greater award of damages that might be awarded at trial would likely be unrecoverable. OCM presented no evidence suggesting the contrary.

We are satisfied that the District Court "explore[d] the facts sufficiently to make an intelligent comparison between the amount of the compromise and the *probable recovery*." *In re Traffic Executive Ass'n–E.R.Rs.,* 627 F.2d 631, 633 (2d Cir. 1980) (emphasis added). The District Court therefore did not abuse its discretion in concluding that the settlement was fair, adequate and reasonable.

Moreover, the District Court did not abuse its "considerable discretion,"

*Heerwagen v. Clear Channel Commc'ns,* 435 F.3d 219, 233 (2d Cir.2006), in denying OCM's request for additional discovery, particularly in light of the fact that OCM acknowledged, *see* Tr. at 40, having failed to review the documents that had already been produced. *See Weinberger,* 698 F.2d at 79 (finding that the District Court did not abuse its discretion in declining discovery and an evidentiary hearing in light of the "adequacy of the existing record" and "the absence of cogent factual objections to the settlement," and the fact that the objectors had "done little to explore" the "extensive materials [already] compiled in [the] litigation").

We have considered all of the arguments asserted by OCM, and we find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.