Jeanne CHAMBERY, Bryan Alexa, and Christopher Peperato, on behalf of themselves and all other employees similarly situated, Plaintiffs,

v.

TUXEDO JUNCTION INC., Defendant.

No. 12–cv–06539 EAW.

United States District Court, W.D. New York.

Signed April 7, 2014.

Guy A. Talia, Patrick J. Solomon, Michael J. Lingle, Jessica Lynne Witenko, Thomas & Solomon LLP, Rochester, NY, for Plaintiffs.

Patricia Gillen, Duke Holzman Photiadis & Gresens, LLP, Buffalo, NY, for Defendant.

**DECISION AND ORDER**

ELIZABETH A. WOLFORD, District Judge.

Presently before the Court is the parties' Joint Motion for Preliminary Approval of Settlement of the above-captioned matter.

## I. Background and Procedural History

Plaintiffs Jeanne Chambery, Bryan Alexa, and Christopher Peperato ("Plaintiffs")[1] bring this action for injunctive and declaratory relief and monetary damages on behalf of themselves and all other similarly situated employees and former employees of Defendant Tuxedo Junction Inc. ("Defendant") alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and related state law claims. (Dkt. 73–2 at ¶ 1).

Plaintiffs allege that Defendant failed to pay statutorily required overtime to employees in various management roles at all Tuxedo Junction operated locations throughout New York, Pennsylvania, and Ohio. (Dkt. 73–2 at ¶ 53). On November 30, 2012, Plaintiffs moved for an order certifying an FLSA collective class and providing for expedited notice to class members. (Dkt. 12). On April 17, 2013, the Court entered a stipulated order granting Plaintiffs' unopposed motion. (Dkt. 36).

The parties held two mediation sessions on June 13, 2013, and September 10, 2013, with mediator Paul L. Leclair, Esq. (Dkt. 66–1). The mediation sessions resulted in the parties entering into a settlement agreement in February 2014.

---

1. Although the amended complaint has not yet been filed, for clarity and ease of future reference this Decision and Order uses the caption as amended and references all proposed plaintiffs in the amended complaint.

The parties jointly moved for preliminary approval of the settlement agreement, for preliminary certification of three settlement classes (the "Collective Class," the "New York Rule 23 Class," and the "Pennsylvania and Ohio Rule 23 Class"), for appointment of Plaintiffs' counsel as class counsel, and for approval of the parties' proposed notice to the class. (Dkt. 64). The Court held a preliminary fairness hearing on March 6, 2014. (Dkt. 70). At the preliminary fairness hearing, the Court and the parties discussed numerous aspects of the proposed settlement and the proposed notice to the settlement classes, including: (1) the lack of a named plaintiff from Pennsylvania or Ohio; and (2) whether the proposed notice could be modified so as to clarify and provide additional information.

The parties entered into a Revised Joint Stipulation of Class Settlement and Release in March 2014 (hereinafter "the Settlement Agreement"). (Dkt. 73–1). The Settlement Agreement addresses the issues discussed at the preliminary fairness hearing conducted on March 6, 2014. In particular, the Settlement Agreement calls for the complaint to be amended to add named plaintiffs from Ohio and Pennsylvania and assert claims for violation of the respective wage and hour statutes of those states, for three Rule 23 subclasses to be certified, and for the proposed notice to be modified so as to add additional information and highlight particularly important information.

## II. Motion to Amend the Complaint

Plaintiffs move to amend the complaint to add named Plaintiffs Christopher Peperato and Bryan Alexa, and to add claims for violation of the respective wage and hour laws of Pennsylvania and Ohio. (Dkt. 71). Defendant does not oppose this motion.

"Leave to amend is to be freely given when justice requires." *Freidus v. Barclays Bank PLC,* 734 F.3d 132, 140 (2d Cir.2013). Here, the purpose of the proposed amendments is to adequately protect the interests of class members from Pennsylvania and Ohio. Moreover, Fed. R.Civ.P. 15(a)(2) expressly provides that a party may amend its pleading "with the opposing party's written consent. . . ." Defendant has entered into the Settlement Agreement which expressly provides that "[t]he parties agree that … counsel shall file, pursuant to Fed.R.Civ.P. 15(a)(2), an Amended Complaint." (Dkt. 73–1 at ¶ 2). Under these circumstances, amendment is appropriate.

On or before April 14, 2014, Plaintiffs shall file the amended complaint attached as Exhibit B to the Declaration of Patrick J. Solomon dated March 28, 2014. (Dkt. 73–2). Defendant shall file an answer to the amended complaint within 14 days of its filing.

## III. Preliminary Approval of the Settlement Agreement

■ Based upon the Court's review of all the papers submitted in connection with the Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement. (Dkt. 73–1).

The Settlement Agreement creates a fund of $200,000.00 to settle this action and prescribes the method of allocating that settlement fund among the various putative class and collective action members. (*Id.* at ¶ 25). The settlement fund covers class members' awards, enhancement payments, expenses and costs, interest, attorneys' fees, and the costs of administration of the settlement and claims process. (*Id.*)

The Settlement Agreement selects Rust Consulting as the claims administrator.

(*Id.* at ¶ 28). The Settlement Agreement provides that class members who timely return a claim form will be paid according to a calculation that takes into account the number of weeks the class member was employed by Defendant in an applicable manager role. (*Id.* at ¶ 29(a)). The Settlement Agreement also provides for payment of up to $66,666.67 in attorneys' fees and a payment of up to $7,000 for actual litigation costs and reasonable expenses. These payments are to be made from the settlement fund. (*Id.* at ¶ 26).

 The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1079 (2d Cir.1995). A proposed settlement should be approved if the court determines "that the settlement, taken as a whole, is fair, reasonable, and adequate." *Id.* The court must give "proper deference to the private consensual decision of the parties" in exercising its discretion. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1027 (9th Cir.1998).

Preliminary approval is the first step in the class action settlement process. It allows notice to issue to the class and for class members to object or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

 Preliminary approval is "not tantamount to a finding that the settlement is fair and reasonable. It is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n–E. R.R.,* 627 F.2d 631, 634 (2d Cir.1980). "A proposed settlement of a class action should ... be preliminarily approved where it 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'" *Davis v. J.P. Morgan Chase & Co.,* 775 F.Supp.2d 601, 607 (W.D.N.Y.2011) (quoting *In re Nasdaq Market–Makers Antitrust Litig.,* 176 F.R.D. 99, 102 (S.D.N.Y.1997)).

In this case, the Court concludes that the proposed settlement is within the range of possible final settlement approval. Notice to the class is therefore appropriate. The Settlement Agreement has no obvious deficiencies and is the result of extensive, arm's length negotiations by experienced counsel. The assistance of an experienced mediator in reaching the proposed settlement reinforces its non-collusive nature. *See O'Dell v. AMF Bowling Ctrs., Inc.,* No. 09 CV 759, 2009 WL 6583142, at *1, 2009 U.S. Dist. LEXIS 85954, at *3 (S.D.N.Y. Sept. 18, 2009).

## IV. Conditional Certification of the Proposed Rule 23 Settlement Classes

In addition to the already certified collective class, the Settlement Agreement proposes three Rule 23 settlement classes: the New York Rule 23 Class, the Pennsylvania Rule 23 Class, and the Ohio Rule 23 Class. These classes are defined as follows:

> The "New York Rule 23 Class" shall include all individuals who worked for Defendant in New York State in the job titles of Senior Branch Manager, Branch Manager, Manager in Training, and Assistant Manager at any time from October 5, 2006 to the date of entry of the Preliminary Approval Order.

> The "Pennsylvania Rule 23 Class" shall include all individuals who worked for Defendant in Pennsylvania in the job

titles of Senior Branch Manager, Branch Manager, Manager in Training, and Assistant Manager at any time from October 5, 2009 to the date of entry of the Preliminary Approval Order.

The "Ohio Rule 23 Class" shall include all individuals who worked for Defendant in Ohio in the job titles of Senior Branch Manager, Branch Manager, Manager in Training, and Assistant Manager at any time from October 5, 2009 to the date of entry of the Preliminary Approval Order.

(Dkt. 73–1 at ¶ 4).

"A Court should grant conditional certification of a class for settlement purposes where the proposed class and class representative satisfy the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy—as well as one of the three subsections of Rule 23(b)." *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157–58 (E.D.N.Y.2009). "In deciding certification, 'courts must take a liberal rather than restrictive approach in determining whether the plaintiff satisfies these requirements and may exercise broad discretion in weighing the propriety of a putative class.'" *Id.* at 158 (quoting *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 72 (E.D.N.Y.2004)).

The Court provisionally certifies the New York Rule 23 Class, the Pennsylvania Rule 23 Class, and the Ohio Rule 23 Class as those terms are defined in paragraph 4 of the Settlement Agreement. These proposed classes meet all the requirements for class certification under Rule 23(a) and (b)(3).

### A. Numerosity

■ With regard to numerosity, this element is satisfied if the class is sufficiently numerous that joinder is "impracticable." *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir.1993). The Second Circuit has held that "numerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Here, the New York Rule 23 Class has approximately 62 members and therefore meets this standard.

The Pennsylvania and Ohio classes are somewhat smaller (29 members and 15 members, respectively). However, courts have not hesitated to certify subclasses with fewer than 40 members where joinder would be impracticable due to geographic dispersion or other factors. *See, e.g., Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 8 (D.D.C.2010). Here, where the potential class members span three states, joinder would be impracticable. Factors such as judicial economy and the ability of claimants to institute individual suits also favor a finding of numerosity in this case. *See Robidoux*, 987 F.2d at 936.

### B. Commonality

■ The parties have also established commonality. Commonality occurs where "[the] class members' claims share a common question of law or fact." *Cohen*, 262 F.R.D. at 158. This prong of Rule 23 requires that "the disputed issue of law or fact occupies essentially the same degree of centrality to the named plaintiffs' claims as to that of the other members of the proposed class." *Dodge v. Cnty. of Orange*, 208 F.R.D. 79, 88 (S.D.N.Y.2002) (quotation omitted).

Here, common issues of law and fact include: (1) whether Defendant had a policy of improperly classifying class members as exempt employees for purposes of state law; (2) whether Defendant required class members to perform their duties in a similar manner; and (3) whether class members actually performed work for defendant in excess of 40 hours per week.

Courts have not hesitated to conditionally certify classes in similar circumstances. For example, in *Davis,* the court conditionally certified a class of over 5000 persons who were allegedly affected by defendant's policies concerning the classification of certain employees as exempt under federal and state overtime laws. 775 F.Supp.2d at 608–9. Moreover, the division of the state law claims into subclasses further ensures that common issues of law exist between class members. *See id.* at 609 ("[I]f the applicable state laws can be sorted into a small number of groups, each containing materially identical legal standards, then certification of subclasses embracing each of the dominant legal standards can be appropriate." (quotation omitted)).

### C. Typicality

■ The proposed named Plaintiffs are also typical of the class members. "The typicality requirement ensures that maintenance of a class action is economical and that the named plaintiff's claim and the class claims are so interrelated that the interest of the class members will be fairly and adequately protected in their absence." *Cohen,* 262 F.R.D. at 158 (quotation omitted). Here, the proposed named Plaintiffs' claims for unpaid wages arise from the same factual and legal circumstances that form the basis of the class members' claims.

### D. Adequacy

■ The proposed named Plaintiffs satisfy the adequacy requirement. The adequacy requirement has two elements: "(1) the representative plaintiffs attorneys must be qualified, experienced, and generally able to conduct the litigation, and (2) the plaintiff's interests must not be antagonistic to those of the remainder of the class." *Cohen,* 262 F.R.D. at 158. Here, none of the proposed named Plaintiffs

have a conflict that would defeat their representative status, and, as discussed further below, Plaintiffs' counsel is experienced and competent.

### E. Rule 23(b)(3)

■ The proposed Rule 23 subclasses also satisfy Rule 23(b)(3). Rule 23(b)(3) permits the maintenance of a class action if the Court finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). "Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc.,* 306 F.3d 1247, 1252 (2d Cir.2002).

■ Here, resolution of the common issues of fact and law previously identified would permit significant resolution of this matter. For example, the legality of taking wage deductions when the class members worked fewer than 45 hours in a week is a common issue that could be resolved once for all class members. The superiority requirement is met here because the commencement of individual actions would be cost-prohibitive (because the potential recovery is far outweighed by the potential cost) and because the Defendant's headquarters are in this District, making this a desirable forum. Moreover, the common issues of law and fact in this matter are more substantial than the individualized issues. Additionally, even the individualized issues (e.g. how many hours a particular employee worked in particular weeks) are likely to implicate the same kinds of

proof (e.g. the payroll records kept by Defendant). Under these circumstances, Rule 23(b)(3) is satisfied.

## V. Appointment of Plaintiffs' Counsel as Class Counsel

The Court preliminarily appoints Thomas & Solomon LLP as class counsel because they meet all the requirements of Rule 23(g).

Plaintiffs' counsel did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims. (*See* Dkt. 66 at ¶ 18). Thomas & Solomon LLP are experienced employment litigators specializing in FLSA claims. (*Id.* at ¶ 19). Patrick Solomon is a founding member of Thomas & Solomon LLP and is a co-chair of the New York State Bar Association's Labor and Employment Law Section. (*Id.* at ¶ 20). Thomas & Solomon LLP has represented employees across the United States in cases for unpaid wages and has the resources to effectively prosecute large-scale wage actions. (*Id.* at ¶¶ 22–23). *See Davis,* 775 F.Supp.2d at 612 (approving Thomas & Solomon LLP as class counsel in large-scale wage action).

## VI. Notice and Method of Distribution

■ The Court approves the proposed Notice of a Class and Collection Action Settlement attached as Exhibit A to the Settlement Agreement, the Settlement Claim Certification and Consent to Join Settlement Form attached as Exhibit B to the Settlement Agreement, and the Election to Opt of Settlement and Class Action Form attached as Exhibit C to the Settlement Agreement (collectively the "Notice Forms"). (Dkt. 73–1 at 22–38). The United States Court of Appeals for the Second Circuit has explained:

> The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness. There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings. Notice is adequate if it may be understood by the average class member.

*Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 113–14 (2d Cir.2005) (internal quotations and citations omitted).

Here, the content of the Notice Forms fully complies with due process and Rule 23 and adequately puts the class members on notice of the proposed settlement. The Notice Forms and the proposed method of distributing the same are appropriate because they describe the terms of the settlement, inform the class about the allocation of attorneys' fees, provide specific information regarding the date, time, and place of the final fairness hearing, and are reasonably calculated to provide actual notice to the class members.

## VII. Class Action Settlement Procedure

The Court hereby adopts the settlement approval process set forth in paragraph 29 of the Settlement Agreement, which safeguards class members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements.

## VIII. Conclusion

By reason of the foregoing, it is hereby ordered as follows:

1. On or before April 14, 2014, Plaintiffs shall file the proposed amended com-

plaint attached to the March 28, 2014, Declaration of Patrick J. Solomon, and Defendant shall file its answer to the amended complaint within 14 days thereafter.

2. The terms and conditions of the settlement are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing. The Court finds that notice of the proposed settlement should be given as provided in the Settlement Agreement.

3. The Court preliminarily certifies the following settlement classes for settlement purposes only:

 a. The "Collective Class" shall include Plaintiffs and all individuals who timely return a valid and effective Claim Form containing a consent to join the Lawsuit, and who worked for Defendant in the job titles of Senior Branch Manager, Branch Manager, Manager in Training, and/or Assistant Manager at any time from October 5, 2009, to the date of this Decision and Order.

 b. The "New York Rule 23 Class" shall include all individuals who worked for Defendant in New York State in the job titles of Senior Branch Manager, Branch Manager, Manager in Training, and Assistant Manager at any time from October 5, 2006, to the date of this Decision and Order.

 c. The "Pennsylvania Rule 23 Class" shall include all individuals who worked for Defendant in Pennsylvania in the job titles of Senior Branch Manager, Branch Manager, Manager in Training, and Assistant Manager at any time from October 5, 2009, to the date of this Decision and Order.

 d. The "Ohio Rule 23 Class" shall include all individuals who worked for Defendant in Ohio in the job titles of Senior Branch Manager, Branch Manager, Manager in Training, and Assistant Manager at any time from October 5, 2009, to the date of this Decision and Order.

4. The Court preliminarily finds that the Named Plaintiffs Jeanne Chambery, Bryan Alexa, and Christopher Peperato are adequate class representatives for the Settlement Classes.

5. The Court preliminarily finds that Patrick J. Solomon, Jessica L. Witenko, and Guy A. Talia of the firm Thomas & Solomon LLP, 693 East Avenue, Rochester, New York are adequate to serve as Class Counsel for the Settlement Classes and preliminarily appoints them as Class Counsel for the Settlement Classes.

6. The parties are authorized to retain Rust Consulting, Inc. to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement.

7. The Notice Forms are hereby approved, and shall be distributed in the manner set forth in paragraph 29 of the Settlement Agreement. The Court finds that the Notice Forms are accurate, objective and informative, and represent the best practicable means of providing reasonable notice to Class Members of, among other things: (1) the proposed Settlement and its effect; (2) the process available to them to request a payment under the Settlement; (3) how they may object to or opt out of the settlement; (4) the time and place of the Final Approval Hearing; and (5) the applications to be made by Class Counsel for (a) attorneys' fees and costs and (b) the enhancement payments for the Named Plaintiffs, affiants, and Opt–In Plaintiffs. Distribution of the Notice Forms by the Claims Administrator in the manner set forth in paragraph 29 of the Settlement Agreement shall constitute sufficient notice of these matters to Class Members in full compli-

ance with Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of New York, and all other applicable laws.

8. Prior to the Final Approval Hearing, Class Counsel shall file a sworn statement of the Claims Administrator attesting to the Claims Administrator's compliance with the provisions of paragraph 29 of the Settlement Agreement with respect to the distribution of the Notice Forms to the Settlement Classes.

9. The administrative costs of the proposed Settlement, including, without limitation the costs of distributing the Notice Forms to Class Members, shall be paid from the Total Settlement Amount as provided in the Settlement Agreement.

10. To request a payment under the settlement, any Class Member must timely return to the Claims Administrator a valid and effective Claim Form. To be valid and effective, a Claim Form must be fully completed and postmarked or otherwise returned to the Claims Administrator no later than 45 days after the initial mailing of the Notice Forms to the Settlement Classes as provided in paragraph 29 of the Settlement Agreement.

11. The Final Approval Hearing will be held on *Monday, June 30, 2014,* beginning at 10:30 a.m. at the United States Courthouse, 100 State Street, Rochester, New York 14614.

12. The date and time of the Final Approval Hearing shall be set forth in the Notice Forms, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Settlement Classes other than that which may be posted by the Court.

13. Following the Final Approval Hearing, Plaintiffs will prepare and file a motion for final approval of the settlement. If the Court grants Plaintiffs' motion for final approval of the Settlement Agreement, judgment shall be entered to that effect.

SO ORDERED.